IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

Criminal No. 96-50001-002

RORY ALLEN GREGORY                                                    DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Rory Allen Gregory, a federal prisoner, brings this motion for "writ of audita querela" under 28 U.S.C. § 1651. I have not ordered service of the motion on the government.

In 1996, Gregory pled guilty to attempt to manufacture methcathinone in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 155 months in prison and a $15,000 fine. On appeal, he challenged the district court's drug-quantity findings. The Eighth Circuit affirmed. *Gregory v. U. S.*, 105 F. 3d 663 (8th Cir. 1997)(table).

In 1998, Gregory sought release from custody under 28 U.S.C. § 2255. After an evidentiary hearing, the district court denied relief. The Eighth Circuit affirmed. *U. S. v. Gregory*, 105 F.3d 663 (8th Cir. 1997)(table). In 2000, Gregory filed a Rule 60(b) motion which this court construed as a second or successive § 2255 motion and dismissed without prejudice for failure to obtain prior approval from the Eighth Circuit prior to filing in this court.

Earlier this year, Gregory filed a 35-page petition for "extraordinary relief" which he defined as including habeas corpus relief; issuance of writs of audita querela, coram, coram nobis, prohibition, and mandamus; and, orders to vacate, set aside or correct judgment or to enjoin execution of judgment. His basic argument was that his sentence was enhanced based on facts not

found by a jury in violation of *Blakely* and *Booker*. In my report and recommendation, I found that the motion for "extraordinary relief" was an attempt to circumvent the restrictions on second on successive § 2255 motions and that the motion should be dismissed for failure to obtain prior approval by the Eighth Circuit before filing in this court. The district judge adopted the report and dismissed the action.

In this case, Gregory seeks relief only from payment of the $15,000 fine. The writ of audita querela is not available where the petitioner may pursue a remedy under 28 U.S.C. § 2255. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Here, however, Gregory is not claiming a "right to be released" as provided in 28 U.S.C. § 2255 and cannot pursue relief under that statute. *See United States v. Bernard*, 351 F.3d 361 (8th Cir. 2003) (challenge to restitution does not present § 2255 claim). I, therefore, do not consider this action subject to dismissal as a second or successive § 2255 motion.

Gregory argues that his counsel should have challenged the fine amount with the legal argument recognized by the United States Supreme Court in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).

In *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004) the Supreme Court set aside a Washington state sentencing scheme wherein sentencing enhancements were based on facts found by a judge. The rationale was that the scheme was violative of the defendant's Sixth Amendment right to a jury trial. In *Booker,* the Supreme Court extended its holding in *Blakely* to the federal Sentencing Guidelines, declaring them no longer mandatory but advisory only. The court stated that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the

maximum authorized by the facts established by the plea of guilty or a jury verdict must by admitted by the defendant or provided to a jury beyond a reasonable doubt." 125 S.Ct. at 756.

In that fine guideline ranges are a product of the offense of conviction and the applicable offense level, I will assume that *Booker* applies. *See* U.S.S.G. § 5E1.2(c)(3). Here, Gregory specifically challenges the court's consideration of the factors set out in 18 U.S.C. § 3572(a) relevant to imposition of a fine, including the defendant's ability to pay and the burden any fine will be to defendant and his family. *See* 5E1.2(d), setting out factors.

Gregory concedes that the "new rule" announced in *Booker* does not apply retroactively to criminal convictions that became final before the rule was announced, such as his conviction. *See Lenford Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). His claim is that his counsel should have foreseen *Booker* at the time of his 1996 sentencing and argued that a jury should determine the sentencing factors set out in 18 U.S.C. § 3582 (U.S.S.G. § 5E1.2(d)) used to determine the amount of the fine.

Ineffective assistance of counsel requires a showing that the attorney's performance was deficient and that Gregory suffered prejudice because there is a reasonable probability that, without the defective attorney performance, the result of the proceeding would have been different. *Delgado v. United States*, 162 F.3d 981, 982 (8th Cir. 1998)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Gregory's ineffective assistance of counsel claim is unavailing. Counsel cannot be deemed ineffective for failing to anticipate in 1996 the *Blakely/Booker* holdings announcing a new rule that could not have been reasonably foreseen. *See Mark v. United States*, 398 F.3d 644 n. 4 (7th Cir. 2005) (an argument that counsel should have anticipated *Blakely/Booker* "untenable")(citing *United*

*States v. Smith* 241 F.3d 546, 548 (7th Cir. 2005)); *United States v. Gonzales-Huerta*, 407 F.3d 727, 750 (Briscoe, J., concurring and dissenting)("[I]t is safe to say that no one . . . could have predicted the absolute sea-change that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding."

In addition, Gregory's argument that *Booker* mandates that a jury decide the sentencing factors in 18 U.S.C. § 3572(a) (U.S.S.G. § 5E1.2(d)) is misguided. *Booker* held that the guideline sentencing enhancements, other than prior convictions, must be submitted to a jury or admitted by the defendant. *Booker* did not abrogate 18 U.S.C. § 3572(a) (U.S.S.G. § 5E1.2(d)) which allows the district court to exercise discretion in deciding the amount of the fine in the interests of justice.

Accordingly, I find that the instant motion should be denied and dismissed.[1] **The defendant has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Defendant is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 9th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. The court can deny relief without a hearing where the matters on file conclusively show the movant is not entitled to relief. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).