**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                     **PLAINTIFF/RESPONDENT**

       **v.**          **Criminal 96-50001-002**

**RORY ALLEN GREGORY**                                **DEFENDANT**

## O R D E R

Now on this 8th day of May, 2006, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #261) in this matter, as well as **Defendant's Objections To Magistrate Judge's Report And Recommendation** (document #262) and defendant's **Motion For Status Report** (document #263).  The Court, having considered all the above, concludes that the Report And Recommendation is sound, and should be adopted *in toto*.

The Court further concludes that defendant's objections to the Report And Recommendation must be overruled.  Defendant's objections simply reiterate (in several different formats) the arguments made in his Petition For A Writ Of Audita Querela, i.e., that he suffered from ineffective assistance of counsel at his sentencing in 1996, because his attorney did not make the argument later found availing in **U.S. v. Booker**, 543 U.S. 220 (2005).  He contends that the reasoning of **Booker** can be found in **In re Winship**, 397 U.S. 358 (1970) and **Mullaney v. Wilbur**, 421 U.S. 684 (1975), and that "Booker is nothing more than plain english for common-folk of what Winship and Mullaney said in the 1970's."

This line of argument has been rejected in the Eighth Circuit: a failure of counsel to anticipate a change in the law does not constitute ineffective assistance of counsel. **Brown v. U.S.**, **311 F.3d 875 (8th Cir. 2002)**(failure to raise an **Apprendi**-type claim does not constitute ineffective assistance of counsel). The same reasoning holds true for failure to raise a **Booker**-type claim.

Defendant also contends that prison official are withholding too much of his prison income to apply to the fine, possibly in retaliation for a lawsuit he has filed against them. That contention is not a part of this lawsuit in any way, however, and the Court will take no further cognizance of it.

For the foregoing reasons, the Court adopts the Report And Recommendation, and overrules defendant's Objections thereto.

In addition, the Court finds that the Motion For Status Report is essentially just a repeat of defendant's earlier objections, and that motion will be denied as moot.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Magistrate Judge's Report And Recommendation, Defendant's Petition For A Writ Of Audita Querela Pursuant To 28 U.S.C. §1651** (document #260) is **denied.**

**IT IS FURTHER ORDERED** that defendant's **Motion For Status**

**Report** (document #263) is **denied as moot.**

**IT IS SO ORDERED.**

                                                   **/s/ Jimm Larry Hendren**
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**